Cynthia A. BAER, Individually and
as Next Friend of Devin M.
Baer, Respondent,

v.

Alfred SOBOYEJO, Defendant,

and

State Farm Mutual Automobile
Insurance Company,
Appellant.

No. ED 94763.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 14, 2010.

Scott Harper, Gary Paul, Co–Counsel and Nathan Steimel, Co–Counsel, Clayton, MO, for appellant.

Louis Accurso, Charles McKenzie, Co–Counsel, Kansas City, MO, respondent.

Before KURT S. ODENWALD, P.J., ROBERT G. DOWD, JR., J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

Cynthia Baer and her children filed a wrongful death claim in the City of St. Louis Circuit Court after her husband, Randolph Baer ("Randolph"),[1] was killed while riding his motorcycle in St. Louis. The trial court granted summary judgment in favor of the Baers, finding that the Baers were entitled to uninsured motorist ("UM") benefits and stacking of their three insurance policies. State Farm Mutual Automobile Insurance Company ("State Farm") appeals from the grant of summary judgment on the Baers' wrongful death claim against State Farm.[2] On appeal, State Farm claims three points of error. State Farm claims the trial court erred in granting the Baers' motion for summary judgment: (1) because it applied Missouri law rather than Kansas law; (2) because it misapplied the law to the facts in its finding that the Baers were entitled to underinsured motorist benefits and stacking of their three policies;[3] and (3) because it incorrectly concluded that under the Baers' policies, Driver's vehicle was underinsured.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

---

1. Although we use Randolph's first name to avoid confusion, we do not mean to be disrespectful.

2. The Baers also sued Albert Soboyejo ("Driver"), but settled their claim against him for the policy limits available under his liability policy covering the vehicle at issue. Driver is not a part of this appeal.

3. " 'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Williams v. Silvola*, 234 S.W.3d 396, 398 n. 4 (Mo.App. W.D.2007).